UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

b

| | |
|---|---|
| SOUTHERN GENERAL AGENCY, INC., <br> Plaintiff | CIVIL ACTION NO. 1:19-CV-00936 |
| VERSUS | CHIEF JUDGE DRELL |
| TRITON CLAIM MANAGEMENT, L.L.C., *et al.* <br> Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

### *SUA SPONTE* JURISDICTIONAL BRIEFING ORDER

Before the Court is a Complaint filed by Plaintiff Southern General Agency, Inc. against Defendants Triton Claim Management, L.L.C., Fleming & Hall of Florida, L.L.C., and Fleming & Hall, Ltd. Plaintiff premises federal jurisdiction on diversity of citizenship.

The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). This duty persists throughout all phases of the litigation, "even after trial and the entry of final judgment." Id. at 506-07.

The diversity statute – 28 U.S.C. § 1332 – is satisfied upon a showing of: (1) diversity of citizenship between the parties; and (2) an amount in controversy in excess of $75,000, exclusive of interest and costs. "Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1079

(5th Cir. 2008).  Further, "when jurisdiction depends on citizenship, citizenship must be distinctly and affirmatively alleged."  Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am., 841 F.2d 1254, 1259 (5th Cir. 1988).  Diversity of citizenship must exist at the time the action is commenced.  See Coury v. Prot, 85 F.3d 244, 248–49 (5th Cir. 1996).

A corporation is deemed to be a citizen of every State and foreign state by which it has been incorporated, and of the State or foreign state where it has its principal place of business.  See Tewari De-Ox Systems, Inc. v. Mountain States/Rosen, L.L.C., 757 F.3d 481, 483 (5th Cir. 2014).  The citizenship of a general partnership depends on that of all partners.  See Int'l Paper Co. v. Denkmann Associates, 116 F.3d 134, 135, 137 (5th Cir. 1997).  The citizenship of a limited liability company ("L.L.C."), a limited partnership, or other unincorporated association or entity is determined by the citizenship of all its members.  See Harvey, 542 F.3d at 1079-80.

Plaintiff Southern General Agency, Inc. alleges that it is "domiciled in Rapides Parish" in Louisiana.  Plaintiff failed to allege the state in which it is incorporated and the state in which it has its principal place of business.

Plaintiff further alleges that Triton Claim Management, L.L.C. "is a Georgia corporation" with its principal place of business in Georgia; and Fleming & Hall of Florida, L.L.C. "is a Florida corporation" with its principal place of business in Florida.  However, since both Triton Claim Management, L.L.C. and Fleming & Hall of Florida, L.L.C. are purportedly limited liability companies, and not corporations,

their citizenship is determined by the citizenship of all their members. Plaintiff failed to allege the names and citizenships of each company's members.

Plaintiff further contends that Fleming & Hall, Ltd. "is a Georgia corporation" with its principal place of business in Georgia. However, the Georgia Secretary of State, https://sos.ga.gov/, shows Fleming & Hall, Ltd. is a foreign corporation. The Court cannot determine the citizenship of Fleming & Hall, Ltd. from the pleadings.

Therefore, the existence of federal jurisdiction is in question.

The Clerk of Court is DIRECTED to serve a copy of this order (and Plaintiff's Jurisdictional Memorandum if filed) upon all Defendants IMMEDIATELY upon receipt of proof of service or an appearance.

IT IS ORDERED that, not later than 21 days from service of this Order on Plaintiff Southern General Agency, Inc., Plaintiff SHALL FILE: (1) a Jurisdictional Memorandum setting forth the nature of each business entity, its members (where applicable), and the citizenship of the entity and/or its members; and (2) a motion for leave to amend the jurisdictional allegations of the Complaint to adequately allege diversity jurisdiction.

IT IS FURTHER ORDERED that all Defendants will be allowed seven days from receipt of Plaintiff's jurisdictional memorandum to file a response.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 24th day of July, 2019.

Joseph H.L. Perez-Montes
United States Magistrate Judge